

NUMBER 13-12-00653-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

BRIAN JOHNSON,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

On appeal from the County Criminal Court No. 5 of
Tarrant County, Texas.

# MEMORANDUM OPINION

Before Justices Rodriguez, Garza, and Perkes
Memorandum Opinion by Justice Garza

A jury found appellant, Brian Johnson, guilty of assault of a family member, a class A misdemeanor offense. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b) (West Supp. 2013). The trial court assessed punishment at thirty days' confinement and a

$200.00 fine.  By a single issue, appellant complains of three statements made by two different prosecutors during closing argument:  (1) a statement that because appellant had an outstanding warrant, he had no right to be in his apartment and was therefore required to retreat before using deadly force, *see id.* § 9.32(c) (West 2011); (2) a statement that appellant was intoxicated and that his reference to "a drink" referred to alcohol; and (3) a statement that appellant had the opportunity to make a written statement to police and declined to do so.  We affirm.

## I. STANDARD OF REVIEW AND APPLICABLE LAW

Permissible jury argument falls into one of four areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) an answer to the argument of opposing counsel; or (4) a plea for law enforcement.  *Gallo v. State*, 239 S.W.3d 757, 767 (Tex. Crim. App. 2007).   Improper closing arguments include references to facts not in evidence or incorrect statements of law.  *Phillips v. State*, 130 S.W.3d 343, 355 (Tex. App.—Houston [14th Dist.] 2004), *aff'd*, 193 S.W.3d 904 (Tex. Crim. App. 2006).  For an improper jury argument to mandate reversal, it must be extreme, violate a mandatory statute, or inject new facts into the record.  *Id.*

The court of criminal appeals has held that "a defendant's failure to object to a jury argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal."  *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (en banc).  Thus, "[b]efore a defendant will be permitted to complain on appeal about an erroneous jury argument or that an instruction to disregard could not have cured an erroneous jury argument, he will have to show he objected and pursued his objection to an adverse ruling."  *Id.*; *see Threadgill*

2

*v. State*, 146 S.W.3d 654, 670–71 (Tex. Crim. App. 2004) (reaffirming the holding in *Cockrell* and expressly holding that because appellant failed to object to the allegedly improper jury argument, he forfeited his right to raise it on appeal, even if such argument could not have been cured by an instruction); *see also* TEX. R. APP. P. 33.1(a).

## II. DISCUSSION

The record reflects that appellant's counsel did not object to any of the three statements. Therefore, no issue was preserved for appellate review. *See Threadgill*, 146 S.W.3d at 670–71; *Cockrell*, 933 S.W.2d at 89; TEX. R. APP. P. 33.1(a).[1] We overrule appellant's sole issue.

## III. CONCLUSION

We affirm the trial court's judgment.

> DORI CONTRERAS GARZA,
> Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
9th day of January, 2014.

---

[1] We note that objection at trial is unnecessary where the error alleged is "fundamental"—that is, when the error causes the defendant to suffer "egregious harm" and prevents him from receiving a fair and impartial trial. *Ganther v. State,* 187 S.W.3d 641, 650 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *see* TEX. R. EVID. 103(d). No "fundamental" error is alleged here. Therefore, appellant was required to preserve his issue at trial. *See* TEX. R. APP. P. 33.1(a).